**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**WESLEY L. BOWIE, JR. #1710604,**
                              **Petitioner,**

**v.**                                                      **Case Nos.  A-12-CV-1172-SS**
                                                                            **A-12-CV-1180-SS**
                                                                            **A-12-CV-1181-SS**

**RICK  THALER,  Director,  Texas  Dept.  of
Criminal Justice–Correctional Institutions
Division,**
                              **Respondent.**

_____

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Applications for Habeas Corpus Relief under 28 U.S.C. § 2254.  Petitioner is proceeding pro se.  For the reasons set forth below, the undersigned finds that Petitioner's applications for writ of habeas corpus should be dismissed.

**I.    PETITIONER'S CRIMINAL HISTORY**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas.  On May 12, 2011, Petitioner was convicted of robbery with bodily injury, injury to a child with serious bodily injury, and aggravated

robbery with bodily injury on an elderly person, and was sentenced to thirteen years in prison. Petitioner did not pursue a direct appeal. Petitioner challenged his convictions in state applications for habeas corpus relief filed on December 29, 2011. The Texas Court of Criminal Appeals denied the applications without written order on the trial court's findings on April 11, 2012. *Ex parte Wesley Lamont Bowie, Jr.*, Appl. Nos. WR-77,394-02, WR-77,394-03, WR-77,394-04.

## II.   PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises the following grounds for relief in each of his applications:

1.     Defense counsel provided ineffective assistance of counsel by not abiding by Petitioner's decisions and failing to present the defendant's MHMR status to the trial court.

2.     The lack of an examination of Petitioner by a mental health expert denied Petitioner due process.

## III.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner was convicted on April 12, 2011, his convictions became final, at the latest, at the conclusion of time during which he could have appealed his convictions, which was May 12, 2011. *See* TEX. R. APP. P. 26.2(a); *Gonzalez v. Thaler*, 623 F.3d 222, 224-25 (5th Cir. 2010) (holding that conviction becomes final when time for seeking further direct review in the state court expires). Petitioner subsequently filed applications for habeas corpus relief in state court on December 29, 2011. The federal limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner had until August 23, 2012, to timely file his federal applications. Petitioner did not execute his federal applications for habeas corpus relief until December 4, 2012, which was over three months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

IV.    RECOMMENDATION

It is recommended that Petitioner's applications for writ of habeas corpus be dismissed with prejudice as time-barred.

V.    CERTIFICATE OF APPEALABILTY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  In cases in which a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's petitions on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## VI.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall also bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of January, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE